# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANIEL BERTRAM ACOSTA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 18-1060-EFM-GEB |
| | ) |
| **MICHAEL LAVIELLE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3); his Amended Motion to Proceed without Prepayment of Fees (ECF No. 4) and his Motion to Appoint Counsel (ECF No. 5). For the reasons outlined below, Plaintiff's Motions to Proceed without Prepayment of Fees (**ECF Nos. 3, 4**) are **GRANTED**, and his Motion to Appoint Counsel is **DENIED** (**ECF No. 5**).

### I.  Motions to Proceed Without Payment of Fees (ECF Nos. 3, 4)

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

commonly reviews that party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]  In his applications and financial affidavit (ECF No. 3, 4, and 6, *sealed*), Plaintiff indicates he is not currently employed, possesses minimal assets, and his monthly expenses exceed his monthly income.  In keeping with the Court's liberal policy toward permitting proceedings *in forma pauperis*,[4] and after careful review of Plaintiff's Motions and Affidavit of Financial Status (ECF Nos. 3, 4, and 6, *sealed*), the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED**.  Although a grant of *in forma pauperis* status to a filing party would normally invoke service of process by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to **stay service** of any documents pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 8).[5]

## II.     Motion for Appointment of Counsel (ECF No. 5)

There is no constitutional right to counsel in a civil action.[6]  An evaluation of whether to appoint counsel requires consideration of those factors discussed by the Tenth

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).
[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).
[6] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

Circuit Court of Appeals in *Castner v. Colorado Springs Cablevision*,[7] including: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. In consideration thereof, thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[8] The court has an obligation not to make indiscriminate appointments on every occasion that a party seeks court-ordered counsel,[9] particularly considering the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[10]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis—his inability to afford counsel—through the financial affidavits provided with his motions to proceed *in forma pauperis* (ECF Nos. 3, 4, and 6, *sealed*). However, he failed to fulfill the second prong of the analysis—diligence in searching for counsel—by not producing a single name of any attorney whom he contacted about the case. Despite the Court's form motion being very clear regarding the requirement that a "plaintiff confer with (not merely contact) at least five attorneys regarding legal representation" (*see* ECF No. 5, at 2), Plaintiff provided no description of his efforts to obtain representation. The Court also finds he cannot meet the third prong of analysis, as the Court has serious concerns regarding its ability to

---

[7] 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[8] *Id.* at 1421.
[9] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[10] *See Sause v. Louisburg Police Dept.*, No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).

adjudicate Plaintiff's claims. Simultaneously with this order, the Court recommends this case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted, and for being frivolous or malicious under § 1915(e)(2)(B)(i) (ECF No. 8). Under the circumstances, the request for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 5**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of April 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
